**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GABRIELLE BERRY and GABRIELLE BERRY RN, P.C.
d/b/a GSB SURGICAL SERVICES, INC.,**

                            **Plaintiffs,**                 1:06-CV-120
                                                                       (NAM/RFT)

v.

**MVP HEALTH PLAN, INC., MVP HEALTH SERVICES
CORP., MVP HEALTH INSURANCE COMPANY,
MVP SELECT CARE INC., and MVP AFFILIATES,
TACONIC IPA, and JOSEPH LIA,**

                            **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Sholes & Miller, LLP<br>327 Mill Street<br>Poughkeepsie, NY 12601<br>*For Plaintiffs* | Robert I. Miller, Jr., Esq. |
| Greenberg Traurig, LLP<br>54 State Street<br>Albany, NY 12207<br>*For MVP Defendants and Defendant Joseph Lia* | Henry M. Greenberg, Esq. |
| Wilson Elser Moskowitz Edelman & Dicker LLP<br>677 Broadway - 9th Floor<br>Albany, NY 12207-2996<br>*For Defendant Taconic IPA* | Philip Rosenberg, Esq. |

Hon. Norman A. Mordue, Chief Judge:

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff initially commenced this action for recovery of payments defendants MVP Health

Plan, Inc., MVP Health Services Corp., MVP Health Insurance Company, and MVP Select Care

Inc., MVP Affiliates, (collectively "MVP"), Taconic IPA, and Joseph Lia allegedly owe her for medical services she provided for defendants' "insureds and enrollees" in the New York State Supreme Court in the County of Ulster. Defendants removed the case to this District in accordance with 28 U.S.C. § 1441(b) citing original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, defendants assert that although not asserted in plaintiff's complaint, which alleges that defendants violated New York State Insurance Law and defamed her, this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

There are three motions presently before the Court: (1) MVP and Lia move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that ERISA preempts plaintiff's state law claims (Dkt. no. 8); (2) Taconic IPA moves to dismiss the complaint pursuant to Rule 12(b)(6) on the basis that ERISA preempts plaintiff's state law claims (Dkt. no. 5); and (3) plaintiffs cross-move to remand this action to Ulster County Supreme Court for lack of federal question subject matter jurisdiction (Dkt. no. 12).

## II.   FACTUAL BACKGROUND

Plaintiff Gabrielle Berry is a licensed registered nurse. The Association of Operating Room Nurses ("AORN") and the Certification Board of Perioperative Nursing have certified Berry as an operating room nurse. Berry is also a certified registered nurse first assistant with privileges to act as a surgical first assistant at surgical operations in several Hudson Valley hospitals. Since 1999, Berry has assisted at more than 3,000 surgical operations in New York at attending surgeons' request.

2

When performing surgical first assistant services, Berry acts as an independent contractor and bills for those services through plaintiff GSB Surgical Services, Inc. Approximately 60 insurance companies, health maintenance organizations, union benefit plans, and other health service indemnity providers pay plaintiffs for Berry's services, even though Berry does not participate with these plans. When physicians, surgeons, or physician assistants act as surgical first assistants, defendants pay for their services regardless of whether they are participating providers in defendants' insurance and Health Maintenance Organization plans.

Between February 1999 and May 2004, although plaintiffs billed MVP directly, defendants failed to pay for Berry's surgical first assisting services in 440 cases. In each of these 440 instances, Berry provided first assistant services for defendants' insureds and enrollees at the request of surgeons who participated in defendants' plans and in hospitals that participate in defendants' plans. In July 2005, as a result of defendants' failure to pay, plaintiffs began billing patients directly.

The complaint further alleges that although plaintiffs had a contract with defendants between May 2004 and May 2005, defendants have refused to renew the contract and have sent defamatory letters to the medical community. For example, according to the complaint, defendant Lia, Executive Director of Taconic IPA and Vice President of MVP Health Care, "Mid-Hudson Region", sent letters to hospital chief financial officers asserting that plaintiffs have been unreasonable in calculating Berry's fees, and threatening adverse consequences to hospital medical staff members if they allowed Berry to provide surgical first assistant services to MVP's insureds in non-emergency cases. Defendant Lia sent a similar letter to a number of surgeons in the Mid-Hudson region.

3

As a result of these events, plaintiffs filed the instant complaint which contains seven causes of action: (1) violation of N.Y. Ins. Law § 4301(b)(2); (2) violation of N.Y. Ins. Law § 3224-a; (3) violation of N.Y. Gen. Bus. Law § 349(a); (4) violation of N.Y. Gen. Bus. Law § 340 (Donnelly Act); (5) request for injunctive relief; (6) defamation; and (7) unjust enrichment. Plaintiffs seek $543,842.37, plus interest, as well as other compensatory damages and attorney's fees and costs.

## III. DISCUSSION

### A. Motion to Remand

28 U.S.C. § 1441(a) provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Further, Congress provides that "[i]f at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Subsection 1447(c) authorizes remand of an action on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction. *See LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.,* 31 F.3d 70, 72 (2nd Cir. 1994).[1] On a motion to remand, a court must construe all factual allegations in favor of the party seeking the remand, *see R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir. 1979), and the removing party

---

[1] Because federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 101, 109 (1941).

4

has the "burden of establishing that a case falls within the [c]ourt's removal jurisdiction[.]" *NASDAQ Mkt Makers Antitrust Litig.,* 929 F.Supp. 174, 178 (S.D.N.Y. 1996) (citation omitted). When a "party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp.*, 612 F.2d at 655.

Defendants removed the present case on the basis of original "federal question" jurisdiction asserting that plaintiff's claims, although couched entirely in state law, "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To wit, defendants assert that this action involves claims to recover benefits and to enforce rights under certain employee welfare benefit plans that are governed by ERISA.[2]

The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983). Federal preemption of a state law cause of action by a statute such as ERISA is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. *Gully v. First Nat'l Bank,* 299 U.S. at 113. A plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal

---

[2]Under 29 U.S.C. § 1002(1) an employee benefit plan is defined as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1).

5

claims are also available, and even if there is a federal defense. *See Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir. 1998); *Hernandez v. Conriv Realty Assoc.,* 116 F.3d 35, 38 (2d Cir. 1997). "However, in the case of state-law claims falling within the scope of the civil enforcement provisions of § 502 of ERISA, [29 U.S.C. § 1132] Congress has manifested its intent that such claims be removable, on the ground that such claims are of necessity so federal in character that [they] arise [ ] under federal law for purposes of 28 U.S.C. § 1331. *Marcella v. Capital Dist. Physicians' Health Plan, Inc*., 293 F.3d 42, 45 (2d Cir. 2002) (internal quotations omitted). Further, "in such 'complete preemption' cases, the burden is on the defendant, as the party asserting federal jurisdiction, to demonstrate the propriety of removal. *Id*. at 46 (quoting *Grimo v. Blue Cross/Blue Shield of Vt*., 34 F.3d 148, 151 (2d Cir.1994). The Supreme Court has instructed that ERISA completely preempts a claim, and removal is proper, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)" and "there is no other independent legal duty that is implicated by a defendant's actions". *Aetna Health Inc. v. Davila*, 542 U.S. 200*,* 210 (2004)

As an initial matter, plaintiffs contend they lack standing to sue under ERISA because they are not participants, beneficiaries, or assignees. ERISA's enforcement provision, § 502(a), states: "A civil action may be brought-(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has construed this provision to mean that, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits" and that "[a] participant or beneficiary can also bring suit

6

generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Davila*, 542 U.S. at 210. The Second Circuit has also held that "under federal common law, the assignees of beneficiaries to an ERISA-governed insurance plan have standing to sue under ERISA." *I.V. Services of America, Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund*, 136 F.3d 114, 117, n.2 (2d Cir. 1998).

Plaintiffs do not dispute that ERISA governs the MVP plains. Plaintiffs, however, as stated above, specifically deny that they are assignees. In opposition to plaintiffs' motion to remand, however, defendants submitted an affidavit by RoseMarie Hogan, Director of Operations for MVP, who states that in each of the 440 cases plaintiffs identified in the complaint, they submitted claim forms which included a representation that plaintiff Gabrielle Berry had received an assignment from the member to receive the member's benefits directly from MVP. Thus, defendants have sustained their burden of establishing plaintiffs' standing to sue under ERISA as assignees. *Richstone v. Chubb Colonial Life Ins.*, No. 97 Civ. 3481(HBP), 1999 WL 287332, at *5 (S.D.N.Y. May 7, 1999) ("[t]he right to reimbursement under a health plan may be assigned by a patient covered by the health plan to a health care provider so long as the plan instrument does not specifically prohibit such assignments." ) (citing *Fisher v. Building Serv. 32B-J Health Fund*, No. 96 Civ. 5526(LAP), 1997 WL 531315, at *4 (S.D.N.Y. Aug. 27, 1997)). Accordingly, the Court must consider whether ERISA preempts any of plaintiffs' state law claims and therefore provides a basis for federal subject matter jurisdiction.

In their first cause of action, plaintiffs assert that because defendants reimburse physicians or surgeons for their services as surgical first assistants, N.Y. Ins. Law § 4301(b)(2)[3] requires

---

[3] Section 4301 provides, in pertinent part:

> (b)(1) Medical expense indemnity shall consist of reimbursement for:

7

defendants to reimburse Berry for her services in that capacity, even though she is a registered nurse. According to the complaint, defendants, however, failed to "pay[] the plaintiffs for services rendered to the defendants insureds and enrollees" in violation of § 4301(b)(2), and have damaged plaintiffs in the amount of $543,842.37, the sum of the 440 unpaid claims. In their second cause of action, plaintiffs assert, *inter alia*, that N.Y. Ins. Law 3224-a(a)[1] requires defendants to pay plaintiffs within 45 days of receipt of a bill from plaintiffs "for health care services rendered by the plaintiffs to the defendants' plan members and insureds, unless the bill

---

        (A) medical care provided through licensed physicians,
        (B) dental care provided through licensed dentists,
        (C) optometric care provided through licensed optometrists,
        (D) podiatrical care provided through licensed podiatrists,
        (E) chiropractic care provided through licensed chiropractors,
        (F) psychiatric or psychological services provided through physicians, psychiatrists or certified and registered psychologists,
        (G) physical and occupational therapy care provided through licensed physical and occupational therapists upon the prescription of a physician,
        (H) nursing service . . . .

(2) It is not mandatory that a contract issued by a medical expense indemnity corporation provide for and offer all of the services hereinabove described, but when any service is provided which can be performed by more than one of the practitioners hereinbefore referred to, benefits under the contract shall be provided regardless of which practitioner performed the service, provided that the performance of such service was within the scope of the license of such practitioner. Unless such contract shall otherwise provide there shall be no reimbursement for ophthalmic materials, lenses, spectacles, eyeglasses, and/or appurtenances thereto.

N.Y. Ins. Law § 4301(b).

[1] Section 3224-a provides, in pertinent part:

Except in a case where the obligation of an insurer or an organization or corporation licensed or certified pursuant to article forty-three of this chapter or article forty-four of the public health law to pay a claim submitted by a policyholder or person covered under such policy or make a payment to a health care provider is not reasonably clear, or when there is a reasonable basis supported by specific information available for review by the superintendent that such claim or bill for health care services rendered was submitted fraudulently, such insurer or organization or corporation shall pay the claim to a policyholder or covered person or make a payment to a health care provider within forty-five days of receipt of a claim or bill for services rendered.

N.Y. Ins. Law § 3224-a(a).

8

was disputed in good faith." Compl. ¶61. According to the complaint, defendants "have yet to comply with the requirements of [N.Y. Ins. Law §] 3224-a to date with respect the the 440 outstanding claims for services rendered by the plaintiffs to the defendants' insureds". Compl. ¶ 64. As a result, plaintiffs seek $543,842.37 in damages, the sum of the 440 unpaid claims.

Section 514 of ERISA provides that the statute's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan, "in the normal sense of the word, if it has a connection with or reference to such a plan." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146 (2d Cir. 1989). The preemption clause is not limited to state laws specifically designed to affect employee benefit plans. *See Toussaint v. JJ Weiser & Co*., No. 04 Civ. 2592, 2005 WL 356834, at *12 ( S.D.N.Y. Feb 13, 2005) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987)). A state law of general application, with only an indirect effect on an ERISA-governed plan, may nevertheless be considered to "relate to" that plan for preemption purposes. *See Smith v. Dunham-Bush, Inc*., 959 F.2d 6, 9 (2d Cir. 1992). State laws that provide an alternative cause of action to employees to collect benefits protected by ERISA are among those laws that are preempted. *See Borges*, 869 F.2d at 146. ERISA's civil enforcement remedies are intended to be exclusive remedies for enforcing rights in ERISA-governed plans. *See Pilot Life*, 481 U.S. at 52. Consequently, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209; *see also Reichelt v. Emhart Corp*., 921 F.2d 425, 431 (2d Cir. 1990). Accordingly, ERISA preempts state law causes of action that aim "to recover benefits due to [the plaintiff under the terms of the] plan, to enforce

h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." *Lupo v. Human Affairs, Int'l, Inc*., 28 F.3d 269 272 (2d Cir. 1994).

In this case, the first and second causes of action are based on the same factual allegations, to wit, that defendants failed to provide plaintiffs, as the beneficiaries' assignees, the benefits to which they are entitled under the terms of the plans. Consequently, the terms of the plans control the amount of benefits to which plaintiffs are entitled, as non-participating providers. Where "interpretation of the terms of . . . benefit plans forms an essential part of" the plaintiffs' claims and the defendants' "potential liability . . . derives entirely from the particular rights and obligations established by the benefit plans," plaintiffs' state law claims "are not entirely independent of the federally regulated contract itself." *Davila*, 542 U.S. at 213. Thus, plaintiffs' first and second causes of action, which "do not attempt to remedy any violation of a legal duty independent of ERISA", fall within ERISA's scope and are preempted. *Id*. at 214.

Plaintiffs argue that even if their N.Y. Ins. Law claims are preempted because they relate or bear a connection to an ERISA plan, ERISA § 514(b)(2)(a)[1] saves them from complete preemption because they concern state statutory provisions which regulate insurance. Plaintiffs' argument is unavailing. In *Davila*, the Supreme Court explained that "[t]he existence of a comprehensive remedial scheme can demonstrate an overpowering federal policy that determines the interpretation of a statutory provision designed to save state law from being pre-empted. ERISA's civil enforcement provision is one such example." *Id*. at 216-17 (internal quotations and citations omitted).

---

[1] ERISA § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A), states, in pertinent part: "[N]othing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

In *Pilot Life*, the Supreme Court stated that "our understanding of [the savings clause] must be informed by the legislative intent concerning the civil enforcement provisions provided by ERISA § 502(a), 29 U.S.C. § 1132(a)", 481 U.S. at 52, and concluded that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id*., at 54. The Court then held, based on:

> the common-sense understanding of the saving clause, the McCarran-Ferguson Act factors defining the business of insurance, and, most importantly, the clear expression of congressional intent that ERISA's civil enforcement scheme be exclusive, . . . [the plaintiff's] state law suit asserting improper processing of a claim for benefits under an ERISA-regulated plan is not saved by § 514(b)(2)(A).

481 U.S. at 57.

Here, allowing plaintiffs to proceed with their state-law suit would "pose an obstacle to the purposes and objectives of Congress", *id*., at 52, because plaintiffs are attempting to utilize N.Y. Ins. Law to vindicate their rights under the relevant MVP ERISA-governed plans. Although plaintiffs cite New York statutory law in the complaint, the factual allegations reveal the true motive of this action, to wit, to recover benefits for medical services to which, plaintiffs, as assignees, believe they are entitled under the terms of the plans. Thus, plaintiffs are seeking to use N.Y. Ins. Law §§ 4301(b)(2) and 3224-a(a), as "separate vehicle[s] to assert a claim for benefits outside of . . . ERISA's remedial scheme." *Davila*, 542 U.S. at 217-18. Thus, these causes of action are preempted and removable to this Court. Accordingly, because there are at least two claims over which the Court has subject matter jurisdiction and the Court can exercise

11

supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, plaintiffs' motion to remand is denied.

### B.  Motion to Dismiss – Rule 12(b)(6)

Defendants move to dismiss the complaint on the ground that plaintiffs' state law claims are preempted by ERISA. In addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all of the factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997). Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

#### 1.  N.Y. Ins. Law §§ 4301 and 3224-a (First and Second Causes of Action)

As discussed above, plaintiffs' first and second causes of action pursuant to N.Y. Ins. Law §§ 4301 and 3224-a, are preempted by ERISA.

#### 2.  N.Y. Gen. Bus. Law § 349 (Third Cause of Action)

In their third cause of action, plaintiffs allege that defendants have engaged in deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349, that have delayed plaintiffs' lawful claims for reimbursement for services they rendered to defendants' insureds and enrollees. As discussed above, ERISA § 514(A)'s limiting clause, "relates to", is construed to preempt state laws that have "a connection with or reference to" an employee benefit plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (internal quotation marks omitted). Consequently, a state law claim is preempted even if it "is not specifically designed to affect such plans, or the

12

effect is only indirect". *Id*. at 139. Thus, under this "broad common sense meaning", *id*., many state law actions are preempted if they relate to an ERISA plan. In *Met. Life Ins. Co. v. Taylor,* for example, the Supreme Court held that an action for breach of contract under state law commenced by an employee seeking to recover benefits under a disability insurance policy was preempted by ERISA even though the plaintiff did not refer to or cite the federal statute in his complaint. 481 U.S. 58, 63-64 (1987) (finding breach of contract action under state law by an employee seeking to recover benefits under a disability insurance policy "'relate[s] to [an] employee benefit plan.' . . . Accordingly, the suit is preempted by § 514 [of ERISA] . . . . Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.").

Plaintiffs allege, in the third cause of action, that: "The defendants' deceptive acts and practices were and are unfair and misleading in material respects. Defendants' insured and enrollees, unaware of the defendants' deception, have been rendered liable to the plaintiffs for out of pocket payments that should have been paid by the defendants." Compl. § 71. Through this cause of action, plaintiffs seek to recover $543,842.37, the sum of the payments for medical services plaintiffs claim defendants wrongfully withheld. Consideration of the relevant MVP plan is therefore necessary to determine whether defendants wrongfully withheld benefits. Thus, plaintiffs' N.Y. Gen. Bus. Law § 349 claim, which "relates to" an employee benefit plan and falls within the scope of ERISA's civil enforcement provisions, is preempted. *See Shackelton v. Connecticut General Life Ins. Co*., 817 F.Supp. 277 (N.Y.N.D. 1993) (finding that ERISA preempted the plaintiffs' N.Y. Gen. Bus. Law § 349 claim).

13

### 3. N.Y. Gen. Bus. Law § 340 (Fourth Cause of Action)

Defendants advance no specific argument regarding whether ERISA preempts plaintiffs' fourth cause of action pursuant to N.Y. Gen. Bus. Law § 340 (Donnelly Act) for unlawful restraint of trade. According to the complaint, this claim stems from defendants' termination of their contract with Berry in May 2005. This claim does not appear to "relate to" any ERISA plan. Indeed, as stated, defendants do not contend otherwise. Given the Court's previous conclusion that ERISA governs plaintiffs' other causes of action, the Court may exercise supplemental jurisdiction over those of plaintiffs' state law claims that ERISA does not preempt.

### 4. Injunctive Relief

In their fifth cause of action, plaintiffs seek injunctive relief, *inter alia*, "barring the defendants from refusing to pay the plaintiffs for first assistant services rendered as an out-of-network provider to the defendants' insured and enrollees, other than for legitimate insurance reasons", Compl. ¶ 101, and "enjoining the defendants from intimidating or directing surgeons and hospitals so that they will not use Gabrielle Berry's services as a surgical first assistant in the treatment of the defendants' insureds and enrollees when medically necessary" Compl. ¶102. Thus, to the extent this cause of action seeks injunctive relief which turns on interpretation of any of plaintiffs' future rights to reimbursement under the terms of the plan (Compl. ¶ 101), it is preempted by ERISA. To the extent, however, that this cause of action seeks injunctive relief with respect to the parties' relationship outside the terms of the plan, it is not preempted, and plaintiffs may bring it as a supplemental claim.

### 5. Defamation

14

In their sixth cause of action, plaintiffs allege that defendants wrote defamatory letters to hospitals where Berry offered her services. According to the complaint, these letters discussed Berry's billing of MVP members as a non-participating provider in a defamatory manner. Thus, plaintiff's defamation claim "relates to" an ERISA plan to the extent it challenges MVP's handling of bills for services to its insureds or enrollees. In *Mayeaux v. Louisiana Health Service and Indem. Co*., the Fifth Circuit held that:

> To allow a medical practitioner to sue for defamation . . . when an ERISA plan administrator decides that the plan does not cover a particular medical treatment for a particular participant or beneficiary would undoubtedly jeopardize the relationships among the traditional ERISA entities, of which the treating physician is not one. These are the sort of claims that go to the very heart of the ERISA administration process . . . . We further agree with the district court that "[e]ven though these claims are labeled by Plaintiffs as state law, the claims arose from the manner in which [BCBS] determined not to cover Hyman's high dosage antibiotic treatments and the subsequent notification to patients that HDAT would not be covered under the Adler Plan." Thus, we have no difficulty holding that "the existence of an [ERISA] plan is a critical factor in establishing liability" for the state law causes of action asserted by Dr. Hyman. We conclude that, as such, they are conflict preempted.

376 F.3d 420, 432 (5th Cir. 2004) (footnotes omitted). The Court concludes that because plaintiffs' defamation claim requires inquiry into MVP's handling of plaintiffs' claims for benefits as assignees, it falls within the scope of ERISA's civil enforcement provisions and is preempted.

### 6. Unjust Enrichment (Seventh Cause of Action)

Plaintiffs' unjust enrichment claim is intertwined with the MVP plans because through it, plaintiffs seek to recover benefits they claim defendants owe them under the terms of the plans. Indeed, the factual allegations in the complaint demonstrate that the unjust enrichment claims fall within the scope of ERISA's exclusive civil enforcement provisions:

15

> [t]he defendants breached a duty to their insureds and enrollees by failing to indemnify them for the services of the plaintiffs, who were non-participating providers.
>
> By failing to pay for services that it was their duty to pay . . . defendant have been unjustly enriched, since the defendants collected premiums but did not make payments to the plaintiffs that they were obligated to pay on behalf of their insureds and enrollees.

Compl. ¶¶ 132-33. Consideration of this claim necessarily entails an examination of the MVP plan which governs each of plaintiffs' claims, as assignees, for benefits. Further, claims for benefits fall within the scope of ERISA § 502(a)'s civil enforcement provisions. Thus, plaintiffs' unjust enrichment claim is preempted. *See Raff v. Travelers Insurance Co.*, No. 90 CIV. 7673, 1996 WL 137310, * 3-4 (S.D.N.Y. Mar. 26, 1996) (concluding that the plaintiffs' claims for breach of contract, conversion, and unjust enrichment to recover monies taken in violation of the terms of an ERISA plan were preempted because they related to an employee benefit plan and fell within the scope of the exclusive civil enforcement provisions enumerated in section 502(a)).

**C.      Remedy**

Federal courts have disagreed regarding whether a complaint's state law claims should be recharacterized as claims pursuant to ERISA § 502(a)(1)(B) or dismissed without prejudice pursuant to the preemption doctrine. *Harrison v. Metropolitan Life Ins. Co.*, 417 F.Supp. 2d 424, 434 (S.D.N.Y. 2006) (citing *Fanney v. Trigon Ins. Co.*, 11 F.Supp. 2d 829, 832 (E.D.Va. 1998) (noting disagreement among courts regarding whether state law claim preempted by ERISA should be recharacterized as a claim pursuant to ERISA § 502(a)(1)(B)). In *Arthurs v. Metropolitan Life Ins. Co.*, the court concluded that where a complaint characterizes a claim as a common law breach of contract, but sets forth the elements of a claim under ERISA § 502(a)(1), the court's proper course is to recharacterize the claim as a claim under ERISA § 502(a)(1)(B)

16

rather than to dismiss the complaint under the preemption doctrine. 760 F.Supp. 1095, 1098 (S.D.N.Y. 1991). "[This] approach is consistent with the Second Circuit's holding that a pleading is sufficient where it sets forth the factual allegations supporting the elements of a claim, even if it fails to identify the specific law under which it brings a claim." *Harrison,* 417 F.Supp. 2d at 434 (citing *Marbury Mgmt., Inc. v. Kohn*, 629 F.2d 705, 712 n.4 (2d Cir. 1980).

> This course of action also promotes the interests of justice and sound judicial administration. In an action commenced in state court grounded primarily on plaintiff's assertion of state law causes of action, it is to be expected that the complaint would frame its claims in terms designed to satisfy the pleading standards of common law causes of action, and therefore without reference to the requirements of ERISA, whether in good faith or deliberately to avert removal to federal court. To dismiss such claims outright would be wasteful and inequitable.

*Id.* Though the Court agrees based thereupon that dismissal is not the proper remedy in this case, plaintiffs do not assert that their state law claims are sufficient to state claims under § 502 of ERISA. Thus, the Court declines to "deem" these claims as arising under ERISA. Rather, the Court will permit plaintiffs to replead these claims, if possible, as arising under the civil enforcement provision of ERISA, and any remaining state law claims, which are not preempted, as supplemental state law claims.

**IV.   CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion to remand this action to state court is denied; and it is further

**ORDERED** that defendants' motions to dismiss the complaint are denied; and it is further

**ORDERED** that plaintiffs are granted leave to file an amended complaint setting forth civil claims under ERISA and any supplemental state law claims; and it is further

**ORDERED** that plaintiffs file an amended complaint, if any, on or before November 1, 2006.

**IT IS SO ORDERED.**

Dated: September 30, 2006
Syracuse, New York

*/s/ Norman A. Mordue*
Norman A. Mordue
Chief United States District Court Judge

18